<div style="margin-left:2em">Allen<br>
v.<br>
Pacific Ins.<br>
Co.</div>

for revising the statutes, but it was introduced afterwards. Perhaps it had been casually overlooked. But the provision, as it now appears, is not limited to the case of a suit by or against a natural person, but is general in its terms, and the Court can perceive no ground on which to engraft such a restriction by implication. The policy of the law is, and so was the law before the revision, to give to inhabitants of other States and foreigners, a right to commence their suits in any county of the Commonwealth, nearest their own residence, or otherwise convenient to themselves.

*Respondeant ouster.*

## Davis Carpenter *versus* The County Commis sioners of the County of Bristol.

In the case of land taken for a railroad, if the county commissioners refuse to assess damages on the ground that the party applying for them does not own the land, he is entitled to have their judgment revised by a jury; and a mandamus will lie in his behalf, to compel them to grant a warrant for a jury.

The petitioner alleges, that he is, and for more than two years last past has been, seised of a parcel of land in Seekonk; that the Boston and Providence Railroad Corporation have laid out and constructed their railroad over the land, to his injury; that he petitioned the county commissioners to estimate the damages, and they made report of their doings thereon, but did not estimate or award him damages; that being dissatisfied with their doings, he applied to them for a jury to assess the damages, but the commissioners refused to grant him a warrant for a jury; and he therefore prays that this Court will issue a writ of mandamus to the commissioners, commanding them to issue their warrant for a jury.

By the records of the commissioners it appeared, that they were of opinion, that the petitioner failed to show that the use of the land belonged to him in such manner as to authorize them to award him any damages for the loss thereof.

<div style="margin-left:2em">*Oct. 27th*</div>

*A. Bassett* and *Warren*, in support of the petition, cited Revised Stat. *c.* 39, § 56, 57; and *c.* 24, § 13; *Commonwealth* v. *Sessions of Hampden*, 2 Pick. 414.

*Coffin* and *Cushman*, for the respondents, contended that a party is entitled to a jury only in a case in which there has been an assessment of damages by the commissioners ; Revised Stat. *c.* 39, § 57, 62 ; that the commissioners may pass upon the title to the land, and the Revised Stat. *c.* 24, § 12, 32, provide, that in the case of a highway their decisions may be revised by a jury, but there is no such provision in respect to a railroad. If the commissioners have decided erroneously upon the petitioner's title, he has a remedy by certiorari.

MORTON J. delivered the opinion of the Court. There is no doubt that the petitioner has sought the proper remedy. If this process will not lie, he can have no relief. *Mandamus* lies to all inferior tribunals, magistrates and officers, and extends to all cases of neglect to perform a legal duty, where there is no other adequate remedy. It applies to judicial as well as ministerial acts. If the duty be judicial, the mandate will be to the officers to exercise their official discretion or judgment, without any direction as to the manner in which it shall be done. If it be ministerial, then the mandamus will direct the specific act to be performed. *Commonwealth* v. *Sessions of Hampden*, 2 Pick. 414 ; *Springfield* v. *Commissioners of Highways of Hampden*, 4 Pick. 68 ; *Strong, Petitioner &c.* 20 Pick. 484. Were application made to county commissioners, to estimate damages caused by the laying out of a railroad, turnpike or common highway, the duty required of them would be a judicial duty. If they refused or neglected to perform it, this Court would issue a mandamus, commanding them to do it ; that is, to exercise their judgment upon the matter. But when they had performed this duty, it being within their discretion, no other tribunal would have a right to interfere with, or complain of, the manner in which they had performed it.

But having estimated damages, if either party should be dissatisfied, and apply for a jury, the granting a warrant would be a ministerial duty. It is a process to which the complaining party is entitled as a right, and which does not depend on the discretion of any tribunal. If the county commissioners refused his application, this Court would issue a mandate, commanding them to grant the proper process for a jury in such case.

*Oct. 20th.*

In the case at bar, the county commissioners undertook to decide, that the petitioner had no such estate in the land over which the railroad passed, as would entitle him to damages. Now, whether their decision on this point was right or wrong, we think the petitioner had a right to have their judgment revised by a jury.

By the 56th section of the 39th chapter of the Revised Statutes, " every railroad corporation shall be liable to pay all damages that shall be occasioned by laying out and making and maintaining their road ; " " and such damages shall be estimated by the commissioners in the manner provided in the case of laying out highways." This, by necessary implication, gives to the commissioners authority to inquire whether any damages have been sustained by the applicant, and consequently whether he owned the property, for an injury to which damages were claimed.

By the 57th section, " either party, if dissatisfied with any *estimate* made by the commissioners, may apply for a jury to assess the damages," " and the like proceedings shall be had thereon as are provided for the recovery of damages for laying out highways." The respondents contend that the complainant -is entitled to a jury, only when *damages* are estimated ; but that, where the commissioners decide against the party's claim altogether, their decision is final and he is not entitled to a revision of it by a jury. But we think this is too narrow a construction of the statute. Trial by jury *is a favorite of our* laws and constitutions, and we will not suppose it to be taken away by inference. The estimate, from which the party *is entitled* to appeal, may fairly be construed to import, not only a *valuation of damages*, but also a *judgment* on the party's *claim for damages ;* and such, we have no doubt, was the intention of the legislature. Otherwise, a party might be deprived of his right to a trial by jury in a very important contro versy concerning his property. Bill of Rights, *art.* 15.

For the mode of applying for and obtaining a jury, we are referred to the chapter regulating the laying out of highways, &c. By the 13th section of this chapter it is provided, that " any party who shall be aggrieved by the doings of the commissioners," " may have a jury to determine the matter of his

complaint, on application therefor by petition in writing to the commissioners." This is imperative and leaves nothing to the discretion of the commissioners. However plain it may appear to them that the party has suffered no damage, or that he has no title to the land injured, or that his interest in it is not affected, they have no power to reject an application for a jury. The party has a right to have these questions re-examined by that constitutional tribunal, and whether he will exercise that right or not, must depend entirely on his own discretion. The powers of the jury in this case, in relation to the assessment of damages and the questions incident thereto, will be co-extensive with those of the commissioners. *Merrill et al. Petitioners* v. *The Inhabitants of Berkshire*, 11 Pick. 269.

We have not examined the several points presented in the statement made by the commissioners in answer to this application ; because they do not properly come before us at this time, and because we have not the means of giving them that full investigation which they may deserve. Whether the vote of the proprietors passed the fee of the land, or only its usufruct, and if the latter, whether a partial or total use was granted, whether a perpetual servitude would not be an injury to the owner of the fee, as well as the occupant of the use, are questions raised, or at least suggested in the statement, which present intrinsic difficulties, and upon which we do not deem it proper to give any opinion.

*Alternative mandamus ordered*